UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY  DIVISION

CLARENCE SMITH,                          )
                                         )
                    Plaintiff,           )
                                         )        4:12-cv-34  SEB-DML
          vs.                            )
                                         )
POLICE CHIEF DENNIS N. PARSLEY, et. al, )
                                         )
                    Defendants.          )

**ENTRY GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
(Docket No. 19)

This cause is before the Court on Defendants' Motion for Summary Judgment on the Limited

Issue of the Application of <u>Heck v. Humphry</u>.  (Dkt. No. 19).  For the reasons set forth below, we

GRANT Defendants' motion.

**I.  FACTS**

The facts designated by the parties are uncontested.  On February 24, 2010, Plaintiff was

involved in an incident with several Bedford, Indiana police officers in the lobby of the Bedford

police station.[1]  Complaint, ¶¶ 9 - 20 (Dkt. No. 1-1).  The next day, Plaintiff was charged by the

Lawrence County Prosecutor with the offenses of battery on a police officer and resisting law

enforcement.  <u>Id.</u> at ¶ 21.  On February 20, 2012, just seventeen days before his criminal case was

to be tried, Plaintiff filed this civil action in the Lawrence Superior Court asserting claims under 42

---

[1]     Neither party has specifically designated or otherwise addressed in their summary
judgment briefings exactly what happened during the incident and, thus, we have not been asked
to consider those facts in ruling on Defendants' motion.  The facts are, however, recounted in the
Indiana Court of Appeals' Memorandum Decision, <u>Smith v. State of Indiana</u>, No. 47A04-1206-
CR-315 (Ind. Ct. App. Feb. 15, 2013), which Defendants have attached to their Notice of State
Court Ruling (Dkt. No. 32-1).

U.S.C. § 1983 for alleged violations of his federal constitutional rights.  Id.

On March 9, 2012, Plaintiff's criminal case was tried before a Lawrence County jury, which found him guilty of resisting law enforcement, but acquitted him of battery on a police officer. Pltf's Motion to Stay, ¶ 5 (Dkt. No. 16).  On March 21, 2012, Defendants timely removed this cause to federal court and, later, filed the summary judgment motion that is now before us.  In the meantime, Plaintiff appealed his conviction to the Indiana Court of Appeals.  Pltf's Motion to Stay, ¶ 6.  On February 15, 2013, Indiana Court of Appeals affirmed his conviction.[2]  Notice of State Court Ruling (Dkt. No. 32).

## II.  ISSUE

The sole issue before us is whether Plaintiff's claims in this action are barred as a matter of law by the United States Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994).

## III.  STANDARD OF REVIEW

Summary judgment is appropriate when the record reflects that there is "no genuine issue as to any material fact and that the moving party is entitled of judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The parties agree that there are no genuine issues as to any material fact and that the issue before us is appropriate for resolution as a matter of law.

## IV.  DISCUSSION

"Heck bars any suit for damages premised on a violation of civil rights if the basis for the suit is inconsistent with or would undermine the constitutionality of a conviction or sentence." Wiley v. City of Chicago, 361 F.3d 994, 996 (7th Cir. 2004).  Consequently, when a convicted

---

[2]    Because the Indiana Court of Appeals has ruled, Plaintiff's Motion to Stay Pending State Court Appeal at Docket No. 16 is denied as moot.

person, such as Plaintiff, files a suit for money damages under § 1983, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487.

In Plaintiff's own words, his claims in this action are for: "(1) unlawful arrest, (2) unlawful search and seizure, (3) unlawful detention and confinement, . . . (4) conspiracy, [and] (5) refusing or neglecting to prevent deprivations of [his] rights."[3] Pltf's Memo, ¶ 9 (Dkt. No. 22). Defendants argue that these claims are barred by Heck because Plaintiff was convicted of resisting law enforcement, Plaintiff's conviction has not been invalidated, and any finding by this Court that Plaintiff was falsely arrested, detained and confined would necessarily imply the invalidity of his conviction.

Plaintiff responds that Heck does not bar his claims. He argues that the Indiana Supreme Court's ruling in Barnes v. State, 946 N.E.2d 572 (Ind. 2011) and the Indiana Court of Appeals' prior ruling in Alspach v. State, 755 N.E.2d 209 (Ind. Ct. App. 2001) entitle him to pursue his claims, notwithstanding Heck. We disagree.

---

[3]    The Court notes that paragraphs 16, 17, and 18 of Count I of Plaintiff's Complaint could be read to support an excessive force claim and that an excessive force claim might not necessarily be barred by Heck. See Evans v. Poskon, 603 F.3d 362 (7th Cir. 2010) (a criminal conviction for resisting arrest does not necessarily invalidate a § 1983 excessive force claim). However, Plaintiff has not asserted an excessive force claim in this action insofar as we can determine. Count I of Plaintiff's Complaint is styled as a statement of facts section setting forth the facts that underlie the claims expressly asserted in the "wherefore" clauses of Counts II (false arrest), III (false detention and confinement), IV (conspiracy), and V (refusing or neglecting to prevent deprivations). Unlike Counts II, III, IV, and V, Count I of Plaintiff's Complaint does not include a "wherefore" clause which expressly asserts a claim. Significantly, in responding to Defendants' summary judgment motion, Plaintiff has made no mention of an excessive force claim. We, thus, conclude that Plaintiff's Complaint does not assert an excessive force claim, but if it does, Plaintiff has waived his right to proceed on that claim by failing to reference it and address it on summary judgment.

3

In Barnes, the Indiana Supreme Court held that the English common law "right to resist an unlawful police entry into a home is against public policy and is incompatible with modern Forth Amendment jurisprudence."[4] Id. at 576. The court explained that resistance to an arrest, even an unlawful arrest, is unwarranted because it can escalate into violence leading to injuries and that aggrieved arrestees now have options to address police misconduct that were unavailable at common law, including civil remedies. Id. In Alspach, a case decided ten years before Barnes, the Indiana Court of Appeals similarly observed that "[a] citizen today can seek his remedy for a police officer's unwarranted and illegal intrusion into the citizen's private affairs by bringing a civil action." Alspach, 755 N.E.2d at 211.

While both Barnes and Alspach reference the modern availability of civil remedies for police misconduct, neither case establishes that a person who believes he has been the victim of police misconduct has an absolute right to bring and maintain any particular type of civil action. Neither case addresses the circumstances under which § 1983 claims can be brought and maintained in federal court, and neither case casts doubt on the continued viability of Heck, which remains good law. We, thus, return to Heck, which requires us to determine whether a judgment in favor of Plaintiff on his claims in this action would necessarily imply the invalidity of his conviction for resisting law enforcement.

Before a defendant can be convicted of resisting law enforcement under Indiana Code § 35-44-3-3,[5] a judge or jury must find beyond a reasonable doubt that the defendant "(1) knowingly or

---

[4]    Of course, Plaintiff here was not arrested in his home, but in the lobby of the Bedford police station.

[5]    Indiana Code § 35-44-3-3 is the statute under which Plaintiff was convicted. Pltf's Memo, ¶ 13. It has since been repealed and recodified at Ind. Code § 35-44.1-3-1.

intentionally, (2) forcibly (3) resisted, obstructed, or interfered with (4) a law enforcement officer, (5) *while the officer was lawfully engaged in the execution of the officer's duties*." K.W. v. State, ___ N.E.2d ___, 2013 WL 653023, *2 (Ind. 2013) (listing the "five essential elements" of Indiana Code § 35-44-3-3) (emphasis  added).  Given the five essential elements of this crime, the jury that received the evidence during Plaintiff's criminal trial necessarily found that the Bedford police officers involved in the February 24, 2010 incident were *lawfully engaged in the execution of their duties*.  Had they found otherwise, Plaintiff would not have been found guilty.

Because all of Plaintiff's claims in this action are based on the allegation that the Bedford police officers acted *unlawfully*, a judgment in favor of Plaintiff would necessarily imply the invalidity of his criminal conviction and would be inconsistent with or contradict the fifth essential element of the crime for which Plaintiff was convicted – i.e., that the officers acted *lawfully*. Plaintiff's claims in this action are, therefore, barred by Heck and are subject to dismissal.

## IV.  CONCLUSION

Because Plaintiff's claims are barred by Heck, Defendants are entitled to summary judgment and their motion is GRANTED.  A separate judgment shall issue.

IT IS SO ORDERED.

Date:  03/19/2013

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

John D. Boren
BOREN OLIVER & COFFEY
johnboren@boclawyers.com

Liberty L. Roberts
ROBERTS LEGAL GROUP, LLC
liberty@robertslegalgroupllc.com

Glen Emmett Koch II
BOREN OLIVER & COFFEY
glenkoch@boclawyers.com

5